UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL T. HAFFNER, as Trustee of the CHAUFFEURS, TEAMSTERS & HELPERS LOCAL UNION NO. 301 HEALTH & WELFARE FUND and as Trustee of the CHAUFFEURS, TEAMSTERS AND HELPERS LOCAL UNION NO. 301 PENSION FUND, <br><br>Plaintiff,<br><br>v.<br><br>Nicholas P. Gerschefske, an individual, d/b/a NPG Trucking, Inc.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) No.<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff, Michael T. Haffner, as Trustee of the Chauffeurs, Teamsters & Helpers Local Union No. 301 Health & Welfare Fund ("Welfare Fund") and as Trustee of the Chauffeurs, Teamsters and Helpers Local Union No. 301 Pension Fund ("Pension Fund") (jointly referred to as "Funds") by his attorney, Martin P. Barr, complains against the Defendant, Nicholas P. Gerschefske, an individual, d/b/a NPG Trucking, Inc. as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction and venue in this court are based upon Section 502(a), (e) and (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132(a), (e) and (f), as more fully appears herein.

**THE PARTIES**

2. The Funds are multi-employer employee benefit plans within the meaning of Section 3(3) & (37) of ERISA, 29 U.S.C. §1002(3) & (37), and maintain their principal place of

operation in Waukegan, Illinois.

3. Plaintiff is a Trustee of the Funds and, as such, is a fiduciary within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21).

4. Defendant Gerschefske is an individual who resides in this district and operates a trucking business under the name "NPG Trucking, Inc."

5. On February 23, 2004, the Illinois Commerce Commission issued a Public Carrier Certificate to "Nicholas P. Gerschefske DBA NPG Trucking." A true copy of the Certificate is attached hereto as Exhibit 1.

6. Although NPG Trucking, Inc. was incorporated in 2011 under the laws of the State of Illinois, it was involuntarily dissolved by the State in 2012. A true copy of the Secretary of State's "Corporation File Detail Report" evincing the 2012 dissolution is attached hereto as Exhibit 2.

7. Gerschefske's principal place of business is within this judicial district.

8. Gerschefske constitutes an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5).

9. Chauffeurs, Teamsters and Helpers Local Union No. 301 ("Union") is an employee organization within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4).

## COUNT I

10. On July 1, 2017, the Union and Gerschefske executed a collective bargaining agreement ("Agreement") that was in full force and effect from June 1, 2015 through July 31, 2019. A true copy of the Agreement is attached hereto as Exhibit 3. Gerschefske signed the Agreement on behalf of NPG Trucking, Inc. as its "Owner/President."

11. Pursuant to the terms of the Agreement, Gerschefske is required to make timely

contributions to the Funds on behalf of each employee covered by the Agreement.

12. During the term of the Agreement when Gerschefske was required to make timely contributions to the Funds on behalf of each employee covered by the Agreement, Gerschefske operated his trucking business as "Nicholas P. Gerschefske DBA NPG Trucking."

13. Notwithstanding Gerschefske's obligations, he failed to make contributions to the Welfare Fund in the amount of $22,770.00 for the period July, 2017 through June, 2018 and failed to pay resulting liquidated damages or interest, thereby depriving the Welfare Fund of contributions and income, jeopardizing the benefits of participants and beneficiaries, and violating Section 515 of ERISA, 29 U.S.C. §1145.

14. Notwithstanding Gerschefske's obligations, he also failed to make contributions to the Pension Fund in the amount of $17,040.00 for the period July, 2017 through June, 2018 and failed to pay resulting liquidated damages, or interest, thereby depriving the Pension Fund of contributions and income, jeopardizing the benefits of participants and beneficiaries, and violating Section 515 of ERISA, 29 U.S.C. §1145.

15. Gerschefske has also failed, for the period July, 2018 through September, 2018, to submit monthly remittance forms showing the name of each employee covered by the Agreement who performed any work covered by the Agreement, and the amount of covered work they performed.

16. Due to Gerschefske's failure to submit monthly remittance forms as described in Paragraph 15, the Funds are unable to determine the exact amount of contributions that are due and owing from Gerschefske.

17. Pursuant to Article 10, Section (d) of the Agreement, Gerschefske is bound by the terms of the Funds' Trust Agreements, as well as rules and regulations adopted by the Trustees

of the Funds.

19. The Funds maintain a ten percent (10%) liquidated damages provision for any late contributions received after the 20th of the month in which the contributions were due.

19. Pursuant to the Agreement, the Funds' trust agreements, and Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), Gerschefske is indebted to the Funds, in addition to the delinquent contributions, liquidated damages, and interest found due and owing, for attorney's and accounting fees, costs and other legal or equitable relief as this court deems appropriate.

WHEREFORE, Plaintiff requests that this court issue an order against Defendant Gerschefske granting the following relief:

A. A judgment on behalf of Plaintiff Welfare Fund for delinquent contributions of $22,770.00 plus liquidated damages in the amount of $2,277.00 due and owing from Gerschefske for the period July, 2017 through June, 2018 and for such amounts as become due during the pendency of this proceeding, including interest on all amounts owed;

B. A judgment on behalf of Plaintiff Pension Fund for delinquent contributions of $17,040.00 plus liquidated damages in the amount of $1,704.00 due and owing from Gerschefske for the period July, 2017 through June, 2018, and for such amounts as become due during the pendency of this proceeding, including interest on all amounts owed;

C. An order that Gerschefske produce, within thirty 30 days, records which the Funds may reasonably require to determine the amount of contributions owed by Gerschefske for its covered employees during the period July 1, 2018 through the end of the last full month preceding the date of the Court's order;

D. A judgment on behalf of the Plaintiff for reasonable attorney's and accounting fees, and costs of this action;

E. An Order declaring that this court will retain jurisdiction of this cause pending compliance with its orders; and

F. Any other legal or equitable relief as this court may deem appropriate.

Respectfully submitted,

*/s/ Martin P. Barr*
Martin P. Barr

*/s/ William A. Widmer, III*
William A. Widmer, III, Attorneys for Plaintiffs

Martin P. Barr #6190349
William A. Widmer, III #3010228
CARMELL CHARONE WIDMER MOSS & BARR
One East Wacker Drive, Suite 3300
Chicago, Illinois 60601
(312) 236-8033

Dated: October 23, 2018